LEWIS v. LEWIS.

1. Divorce—Cruel Treatment by Wife.

In husband's suit for divorce, evidence *held*, to support findings of circuit judge that plaintiff's claim of cruel treatment was fully sustained.

2. Same—Division of Property.

In divorce proceedings, decree that title to real estate should be held by the parties as. tenants in common with equal division of the proceeds upon sale, that wife should have the household effects and husband the other personal property *held*, an equitable division where parties are in middle years, farmers, childless, and husband suffers a cardiac ailment.

3. Appeal and Error—Dismissal of Appeal—Divorce—Resumption of Marital Relations.

While appellant from decree of divorce may have her appeal dismissed, it may not be dismissed on her claim that marital relations had been resumed since appeal was entered, which claim was denied by appellee, as such an issue cannot be framed and tried out in this court under the appeal.

Appeal from Ingham; Carr (Leland W.), J. Submitted January 24, 1935. (Docket No. 64, Calendar No. 37,876.) Decided March 5, 1935.

Bill by Zack C. Lewis against Bessie Lewis for a divorce and other relief. Decree for plaintiff. Defendant appeals. Affirmed.

*Hood· & McArthur,* for plaintiff.

*J. E. Converse,* for defendant.

Wiest, J. This is an appeal by defendant from a decree of divorce granted on the ground of extreme cruelty. The parties are of middle years,

were married in 1917, and have no children. They lived on a small farm and held title thereto by entireties. Defendant did not testify at the hearing. The court found: That the parties—

"Have had difficulty during practically the entire period of their married life. * * * That for some time past plaintiff has been affected with a cardiac ailment for which he has been treated by a physician. The treatment prescribed involved rest and the avoidance of excitement. Notwithstanding such situation, the uncontradicted testimony of the plaintiff and certain of his witnesses indicates that defendant has been guilty of repeated outbursts of temper, the use of vile and profane language, and the making of threats and baseless accusations. Without discussing the rather unsavory evidence in detail, I am brought to the conclusion that the plaintiff's claim of cruel treatment on the part of the defendant is sustained by the proofs."

The record fully supports the findings of the circuit judge.

The court decreed title to the real estate to be in the parties as tenants in common, with right in either to apply to the court for a sale by a circuit court commissioner, with equal division of the proceeds, awarded defendant the household effects and plaintiff the other personal property. Considering the nature and extent of the real and personal property, the division was equitable.

The appeal was filed in this court May 2, 1934. On January 3, 1935, defendant filed a motion to dismiss the appeal for the following reason:

"That said plaintiff and said defendant have resumed their marital relations and have lived and

cohabited together as husband and wife since said appeal was entered in this court in said cause."

The motion was supported by the affidavit of defendant and one other, who later, by another affidavit showing mistake in the first affidavit, withdrew all' support of defendant's claim. Plaintiff, by counter affidavit, denied defendant's allegation and filed affidavits of several others fully supporting his denial.

Defendant may, of course, at any time have dismissal of her appeal, but may not have dismissal for the reason asked. Such an issue cannot be framed and tried out in this court under the appeal, and we decline to consider the motion.

The decree is affirmed, with costs to plaintiff.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.